**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Franklin ELLISON,**
**Defendant–Appellant.**

**No. 11–30209.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2012.*

Filed May 21, 2012.

Frank Papagni, Assistant U.S., United States Attorney Office, Eugene, OR, Kelly

---

A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Craig Eliot Weinerman, Assistant Federal Public Defender, Federal Public Defender's Office, Eugene, OR, for Defendant–Appellant.

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

MEMORANDUM **

Charles Franklin Ellison pled guilty to an indictment charging him, among other things, as an Armed Career Criminal. The Armed Career Criminal Act ("ACCA") imposes a 15-year mandatory minimum sentence on a person convicted of being a felon in possession of a firearm who "has three previous convictions ... for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Ellison admits that his two drug convictions qualify as predicate felonies under the ACCA, but argues that his conviction for Oregon first-degree burglary, Or.Rev.Stat. § 164.225, does not. The district court rejected his argument. Reviewing de novo, *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir.2007) (en banc), we affirm.

1. The ACCA's residual clause defines "violent felony" to include "any crime pun-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). We have previously held that Oregon first-degree burglary categorically qualifies as a violent felony under the ACCA's residual clause. *United States v. Mayer,* 560 F.3d 948, 963 (9th Cir.2009).

2. Ellison argues that the residual clause is void for vagueness because it does not "provide a person of ordinary intelligence fair notice of what is prohibited." *United States v. Williams,* 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). However, "[w]e consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project,* —— U.S. ——, ——, 130 S.Ct. 2705, 2718–19, 177 L.Ed.2d 355 (2010) (internal quotation marks and alteration omitted).

Ellison was found with firearms on September 5, 2010. It was clear on that date that Oregon first-degree burglary qualified as an ACCA predicate offense. *See Mayer,* 560 F.3d at 963 (2009). Thus, Ellison was "on notice that [his] particular course of conduct [could] result in a mandatory minimum prison term of 15 years." *James v. United States,* 550 U.S. 192, 216, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (Scalia, J., dissenting). Ellison may not complain that the residual clause is vague as applied to others.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Accordingly, the judgment of the district court is **AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provid-